

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00075-CR

---

GABRIEL JOSHUA ALONZO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B22849-2503, Honorable Kregg Hukill, Presiding

---

July 31, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Gabriel Joshua Alonzo, appeals from his conviction by jury of the second-degree offense of burglary of a habitation[1] and the resulting sentence, enhanced by two prior final felony convictions, of 40 years of imprisonment.[2]  He challenges his conviction through two issues, arguing (1) the evidence is legally insufficient to support

---

[1] TEX. PENAL CODE § 30.02.

[2] TEX. PENAL CODE § 12.42.

his conviction and (2) the trial court abused its discretion by denying his request for an instruction to the jury regarding the lesser-included offense of criminal trespass. We affirm.

## BACKGROUND

Appellant and Rayna Molina began dating in June 2023. During the course of the relationship, Appellant often stayed at Molina's home where she had lived since 2018. He would stay overnight and sometimes up to a week at a time. Both Molina and Appellant said Appellant was not named on the lease. The couple broke up prior to January 17, 2025,[3] the date of the burglary alleged to have been committed by Appellant. Molina testified Appellant did not have permission to enter her residence after the two broke up.

Around 8 am on January 17, 2025, Molina saw Appellant on her home security camera. He was banging on and kicking her front door. Molina called police. While she was on the phone, Appellant moved to a bedroom window and "shattered" it from the outside. She went to the front door to unlock it and tell Appellant the police were on the way in hopes it would calm him down. Appellant broke into the door and grabbed her by the upper arms near her shoulders. He shook her and "shoved" her toward an entry table. Molina dropped her cell phone. Appellant picked it up, put it in the pocket of his hoodie, and ran out of the house and to his car. Police responded to Molina's 911 call, finding

---

[3] The evidence indicates the couple broke up between one and three weeks prior to the incident.

her "distraught" and "kind of panicked."  Molina's 911 call and footage from her home security system depicting the events were admitted into evidence at trial.

**ANALYSIS**

Issue One—Sufficiency of the Evidence

By his first issue, Appellant contends the evidence was insufficient to support his conviction because (1) the evidence showed he lived at the residence and had permission to be there, (2) Molina suffered no injury from the alleged assault, and (3) he only temporarily deprived her of her cell phone.

The standard for reviewing the sufficiency of the evidence is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016).  We must view "the evidence in the light most favorable to the verdict."  *Id.*  We "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Id.*  The key question is whether "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged."  *Id.*  Sufficiency of the evidence is a question of law.  *Id.*  "The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence 'outweighs' the State's evidence.  If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds."  *Id.*

3

Legal sufficiency of the evidence "is measured by the elements of the offense as defined by the hypothetically correct jury charge." *Id.* The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* at 89–90.

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person: (1) enters a habitation with intent to commit a felony, theft, or an assault; (2) remains concealed in the habitation with the intent to commit a felony, theft, or an assault; or (3) enters a habitation and commits or attempts to commit a felony, theft, or an assault. *See* TEX. PENAL CODE § 30.02 (describing offense).

Appellant first challenges his right to enter the home. The Penal Code includes a specialized and technical meaning to the word "owner," defining it as a person who (1) has title to the property, (2) possession of the property, or (3) a greater right to possession of the property than the actor. TEX. PENAL CODE § 1.07(a)(35)(A). This definition clearly indicates that a defendant who has some, but less, right to control a habitation than the alleged owner may be prosecuted for burglary. *Morgan*, 501 S.W.3d at 91.

A person's "right to possession" must be measured at the time of the accused's alleged criminal act. *Morgan*, 501 S.W.3d at 92. "[W]here there are competing equal possessory interests in the property, the Legislature intended that in making the decision as to which of the competing interests had the greater right to possession of the property, the time of the actual commission of the offense is all important." *Id.* The "owner" is "who,

4

*at the time of the commission of the offense*, had the greater right to possession of the property." *Id.* (Emphasis in original). Further, if a person's status as "owner" is measured at the time of the criminal act, then so is the giving, or removing, of the effective consent to enter. *Id.*

Appellant argues there is evidence in the record establishing he was also an owner of the home and thus, could not have burglarized it. As support for that contention, he provided a phone bill showing he was invoiced at that address, showed a rental agreement for an appliance that bore his name and the address of the residence, and testified he was given a key to the home. He also said his probation officer visited the residence to verify his reported address.

During her testimony, Molina admitted Appellant had bought an appliance for her home and the contract for that item bore Appellant's name and her address. But, she said, that appliance was a gift to her from him. She also admitted her previous phone bill was in Appellant's name and the service address was that of the home. However, she testified that on the date of the burglary, her cell phone service was through another provider, and her name was on the plan. Molina further acknowledged she had given Appellant a key to the residence and that he stayed there at points in the past. But, she testified that after they broke up on a prior occasion, she changed the locks to the home and did not give him a key to keep. She also testified, as did Appellant, that he was not on the lease. Molina said he did not live at the home or pay rent. Further, she did not give him permission to use her address as his own or to receive mail there. She also

provided another address where Appellant lived.[4] Molina said she did not give Appellant permission to be in her home after they broke up in 2025. She stated, "he wasn't allowed in there."

We find there was evidence in the record from which a rational factfinder could have determined Molina had the greater right to possession of the property at the time of the incident. Therefore, Molina had the right to remove effective consent to enter the home. She testified she did so, stating Appellant "wasn't allowed in there." This is sufficient to prove Appellant did not have consent to enter the home on January 17, 2025. *Morgan*, 501 S.W.3d at 92 (stating, "[t]his Court has held that the testimony of an owner that she did not give permission to enter the habitation is 'sufficient to establish the absence of effective consent'").

Next, Appellant contends the evidence is insufficient to show he assaulted Molina because (1) she had no visible injuries and (2) because he denied touching her. A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01. The Texas Penal Code defines bodily injury as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE § 1.07(a)(8). Any physical pain, however minor, suffices to establish bodily injury. *Smith v. State*, No. 14-25-00196-CR, 2026 Tex. App. LEXIS 2610, at *2 (Tex. App.—Houston [14th Dist.] Mar. 24, 2026, no pet.) (mem. op., not designated for publication) (citing *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012)). Molina testified Appellant grabbed her by the shoulders, shook her, and shoved her into an entry table. When

---

[4] Appellant provided this same address on his bond the day after the burglary.

6

asked whether Appellant's actions caused her pain, she answered, "yes." Also, Molina can be heard to say "ow" on several occasions during the 911 call. This was sufficient to show bodily injury. And, the jury was free to believe Molina's version of events rather than Appellant's. *See Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). Therefore, we find the evidence sufficient.

Lastly, with regard to theft, in relevant part, the Penal Code defines "deprive" as follows: "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." TEX. PENAL CODE § 31.01(3)(A); *Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App.1988). To determine whether the evidence is sufficient to support a conviction that Appellant intended to deprive Molina of her cell phone, we are required to view all the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Then, we must limit our inquiry to whether any rational trier of fact could have found Appellant guilty beyond a reasonable doubt. *Rowland*, 744 S.W.2d at 613. After reviewing the record, we find that evidence exists upon which a rational trier of fact could have found Appellant guilty beyond a reasonable doubt of having the intent to deprive Molina of her cell phone.

The evidence shows Appellant took Molina's phone from her, while she was speaking with a 911 dispatcher, after kicking in her door, breaking a window in her home, and grabbing her by the arms and shoving her. He put the phone in the pocket of his hoodie and ran away. He kept the phone for several days. While he eventually returned

7

it, there was no indication he planned to do so at the time he took it from Molina.[5] Significantly, he deprived her of its use during the altercation with him and deprived her of its use in the ensuing days. We therefore find any rational trier of fact could find Appellant guilty. *Id.*

Given the foregoing, we find the evidence sufficient to support Appellant's conviction and overrule his first issue.

<u>Issue Two—Entitlement to Lesser-Included Instruction</u>

Via his second issue, Appellant argues the trial court erred by denying his request for a lesser-included offense instruction to the jury. He claims the trial court should have provided an instruction on criminal trespass. We disagree.

We review a trial court's refusal to submit a lesser-included offense instruction for an abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004)). Whether a defendant is entitled to such an instruction turns on a two-part test. *Id.* (citing *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)). We first compare the statutory elements of the alleged lesser offense with the statutory elements of the greater offense and any descriptive averments in the indictment. *Id.* (citing *Safian v. State*, 543 S.W.3d 216, 220 (Tex. Crim. App. 2018)). If proof of the lesser offense is included within proof of the greater offense, the first step has been satisfied. *Id.*

---

[5] Appellant also initially lied to police officers about the phone, telling them he tossed Molina's cell phone out the window. In reality, the phone had been at his grandmother's (the same address Molina provided as Appellant's residence).

8

Second, there must be evidence from which a rational jury could find the defendant guilty of only the lesser offense. *Id.* (citing *Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex. Crim. App. 2006)). The "guilty-only requirement is met if there is affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense." *Id.* (citing *Roy v. State*, 509 S.W.3d 315, 319 (Tex. Crim. App. 2017)). It is irrelevant whether the factual dispute is based on direct or circumstantial evidence so long as a rational jury could interpret the record in a way in which it could find the defendant guilty of only the lesser-included offense. *Id.* We consider all the evidence admitted at trial. *Id.* at 776–77. Even a scintilla of evidence is sufficient, no matter how controverted or incredible. *Id.* at 777. However, the evidence must be directly germane to the lesser-included offense and present the offense as a valid, rational alternative to the greater offense. *Id*. "[I]f the defendant presents evidence that he committed no offense at all . . . or if he presents no evidence . . . , and there is no evidence otherwise raising the issue, a charge on [a] lesser offense . . . is not required."[6] *Id.* (citing *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985)).

Appellant argues he was entitled to the lesser-included offense instruction concerning criminal trespass because there was evidence in this case that Appellant did not assault Molina (Appellant denied the assault and Molina exhibited no signs of physical injury) and did not commit a theft by permanently depriving Molina of her cell phone. He claims that even though that evidence may have been weak, impeached or contradicted,

---

[6] While we do not reach the second step of the analysis, we do note Appellant claimed he did not commit burglary of a habitation at all and presented evidence in an attempt to support that contention. Therefore, the instruction on criminal trespass would have been improper on this basis as well.

9

the evidence is nonetheless in the record and was before the jury. Therefore, he posits, he was entitled to the instruction and the trial court erred by denying it. We disagree.

The amended indictment charged Appellant as follows:

Paragraph One: [Appellant] [i]ntentionally and knowingly enter[ed] a habitation, without the effective consent of Rayna Molina, the owner thereof, and attempted to commit or committed an assault against Rayna Molina.

Paragraph Two: [Appellant] [i]ntentionally and knowingly enter[ed] a habitation, without the effective consent of Rayna Molina, the owner thereof, and attempted to commit or committed theft of property, namely an iPhone, owned by Rayna Molina.

Many courts have held that while criminal trespass is not typically a lesser-included offense of burglary of a habitation, it can be depending on how the greater offense is charged. *See, e.g., State v. Meru*, 414 S.W.3d 159, 163–64 (Tex. Crim. App. 2013); *Aguilar*, 682 S.W.2d at 558; *Salas v. State*, No. 01-16-00195-CR, 2016 Tex. App. LEXIS 11643, at *5 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, no pet.) (mem. op., not designated for publication) (noting that "trespass qualifies as a lesser-included offense of burglary only 'if the indictment alleges facts that include the full-body entry into the habitation by the defendant'"). A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person: (1) enters a habitation with intent to commit a felony, theft, or an assault; (2) remains concealed in the habitation with the intent to commit a felony, theft, or an assault; or (3) enters a habitation and commits or attempts to commit a felony, theft, or an assault. *See* TEX. PENAL CODE § 30.02. A person commits the offense of criminal trespass if the person enters or remains on or in the property of another, including a residence, without effective consent and the person had notice that the entry was forbidden or received notice to depart but failed to do so. TEX.

10

PENAL CODE § 30.05. "Entry" under the criminal trespass statute is defined as "intrusion of the entire body." *Id.* at § 30.05(b)(1). "Entry" under the burglary of a habitation statute means intrusion by (1) any part of the body or (2) any physical object connected with the body. *Id.* at § 30.02(b).

This Court recently addressed the issue of whether criminal trespass is a lesser-included offense of burglary of a habitation. *See Vazquez v. State*, No. 07-25-00122-CR, 2025 Tex. App. LEXIS 6916, at *7–8 (Tex. App.—Amarillo Aug. 28, 2025, no pet.) (mem. op., not designated for publication). In *Vazquez*, we discussed *Meru*, 414 S.W.3d at 164 n.3. *Meru* stated:

> [i]n a burglary indictment in which the State does not allege whether the defendant's entry was full or partial, an instruction on criminal trespass as a lesser included offense would be prohibited. However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

*Meru*, 414 S.W.3d at 164 n.3. *Meru* concluded the defendant was not entitled to a lesser-included-offense instruction for criminal trespass, but that it could have been a lesser-included offense if the indictment had "alleged that he entered by intruding his entire body into the habitation." *Vazquez*, 2025 Tex. App. LEXIS 6916, at *7–8.

Neither count of the indictment here included an averment that Appellant entered the habitation with his entire body. It simply alleged Appellant "entered" the habitation. There were no descriptive averments on whether his entire body or only a part of his body entered Molina's home. Because the statutory definition of criminal trespass requires

11

proof of the additional element of a defendant's "entire body" intruding on the premises, proof of the lesser offense is not included in proof of the greater offense of burglary. *Id.* at *9. Appellant did not move to quash the indictment to force the State to re-indict him with a more specific allegation on entry into Molina's house. Therefore, under *Meru*, a lesser-included offense instruction on criminal trespass would have been inappropriate. *Id.* at *8–9.

We note also that like the appellant in *Vazquez*, Appellant here argues we can use the functional equivalence test to determine whether the elements of criminal trespass are functionally the same as those of burglary. *Id.* at *9. There, relying on previous decisions, we declined to depart from the holding in *Meru*. *Id.* (citing *Mojica v. State*, No. 07-18-00330-CR, 2019 Tex. App. LEXIS 5139, at *6–7 (Tex. App.—Amarillo June 19, 2019, pet. ref'd) (mem. op., not designated for publication)). We do the same here and find Appellant did not meet the first step of the lesser-included offense analysis. We need not consider the second step. *Meru*, 614 S.W.3d at 164; *Vazquez*, 2025 Tex. App. LEXIS 6916, at *9–10. We resolve Appellant's second issue against him.

## Conclusion

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.

12